CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**Kirstie Phelps,**

          **Plaintiff,**
   vs.                                 **No.** 1**: 12-CV-1494 (GLS/CFH)**

**Brighter Choice Foundation, Inc.,**

          **Defendant.**

_____

**IT IS HEREBY ORDERED that,** pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable CHRISTIAN F. HUMMEL, United States Magistrate Judge on **January 9, 2013, at 9:00 AM** at the United States Courthouse, at Room Number 441, Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below.  That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference.  Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier.  Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES:**  Any application to join any person as a party to this action shall be made on or before the **1st day of April, 2013.**

**2) AMENDMENT OF PLEADINGS:**  Any application to amend the pleadings to this action shall be made on or before the **1st day of April, 2013.**

**3) DISCOVERY:**  All discovery in this action shall be completed on or before the **31**st day of **October, 2013.  (Discovery timetable is to be based on the complexity of the action).**

**4) MOTIONS:**  All motions, including discovery motions, shall be made on or before the **17th day of January, 2013.  (Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25.)**

**5)  PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The parties anticipate that the action will be ready to proceed to trial on or before the **3rd day of <u>March</u>, 2014.**  It is anticipated that the trial will take approximately <u>5</u> days to complete.  The parties request that the trial be held in Albany, N.Y.  **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6)  HAVE THE PARTIES FILED A JURY DEMAND:     X    (YES) / _____(NO).**

**7)  DOES THE COURT HAVE SUBJECT MATTER JURISDICTION?  ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION?  HAVE ALL PARTIES BEEN SERVED?**

Yes.

**8)  WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiff claims that Defendants discriminated against her based upon race and pregnancy, in violation of Title VII of the Civil Rights Act and the FMLA.  Defendant Brighter Choice Foundation, Inc. ("BCF") denies plaintiff's allegations and states that it was not Plaintiff's employer, and that upon information and belief, all actions with respect to Plaintiff were taken for legitimate, non-discriminatory reasons. Defendant Brighter Choice Charter School for Girls ("BCCSG") denies plaintiff's allegations and states that all actions with respect to Plaintiff were taken for legitimate, non-discriminatory reasons.

**9)  WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

Whether the reasons for Plaintiff's termination were legitimate and non-discriminatory.

**10)  CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS?  ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

Defendant BCF anticipates making a dispositive motion.

**11)  WHAT SPECIFIC RELIEF DO THE PARTIES SEEK?  WHAT ARE THE DAMAGES SOUGHT?**

Plaintiff seeks damages including back and front pay, compensatory and punitive damages and attorneys fees.

Defendants seek dismissal with costs.

**12) DISCOVERY PLAN:**

    A.    <u>**Mandatory Disclosures**</u>

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before
February 15, 2013

    B.    <u>**Subjects of Disclosure**</u>

The parties jointly agree that discovery will be needed to address the following subjects:
Plaintiff's employment with Defendants, Plaintiff's employment history, the reasons for Plaintiff's termination from employment.

    C.    <u>**Discovery Sequence**</u>

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

Discovery will be completed by October 31, 2013. It is not anticipated that discovery will be phased to address different issues in stages.

    D.    <u>**Written Discovery**</u>

Described the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties intend to utilize interrogatories, requests for production of documents, and notices to admit. The parties do not anticipate exceeding the number of interrogatories permitted under Rule 33. The parties may seek discovery of non-party witnesses.

**E.** **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

Plaintiff expects to conduct between 2-5 depositions. Defendants expect to depose the Plaintiff and possibly other witnesses, including potential non-party witnesses.

**F.** **Experts**

Set forth the parties' expectations regarding the retention of experts, and indentify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days before the close of discovery).

The parties have not yet made a determination as to the retention of expert witnesses, but agree to abide by the Uniform Pretrial Scheduling Order with regards to the timing of expert disclosures should expert witnesses be retained.

**G.** **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to the claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

The parties expect that some discovery may include electronically stored information. The parties anticipate entering into a Stipulation regarding confidentiality of certain information.

### H. Protective Orders

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

To be determined.

### I. Anticipated Issues Requiring Court Intervention

Provide a brief description of any discovery related issues which the parties reasonably anticipate may require court intervention.

To be determined.

**13)  IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE?  IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

May be possible following discovery.

**14)  ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

Yes, Danciu v. Brighter Choice, et al.

**15)  IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**
N/A

**16)  WHAT ARE THE PROSPECTS FOR SETTLEMENT?  Please circle below the prospect for settlement:**

   1   2   3   4   5   6   7   8   9   10
   **(VERY UNLIKELY)**                                       **(LIKELY)**

   CANNOT BE EVALUATED PRIOR TO **completion of discovery.**

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
To be determined.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference.)*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE.  THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD:**

_____        ARBITRATION

\_\_X\_\_       **MEDIATION**

_____        EARLY NEUTRAL EVALUATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on <u>December 21, 2012</u> at <u>via email</u>
                                                                                          (Date)                              (Place)

and was attended by:

<u>s/Scott M. Peterson</u>                                    for plaintiff(s) <u>Kirstie Phelps</u>
Scott M. Peterson                                                                                                   (party name)

<u>s/Nicholas J. D'Ambrosio, Jr.</u>                    for defendant(s) <u>Brighter Choice Foundation, Inc.</u>
Nicholas J. D'Ambrosio, Jr.                                                                                    (party name)

<u>s/Latha Raghavan</u>                                       for defendant(s) <u>Brighter Choice Charter School for Girls</u>
Latha Raghavan                                                                                                      (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.*

Case Management Plan
FRM-Date 04/02/02