UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KIRSTIE PHELPS,

                      Plaintiff,

                  v.

BRIGHTER CHOICE FOUNDATION, INC. and
BRIGHTER CHOICE CHARTER SCHOOL FOR
GIRLS,

                      Defendants.

**ELECTRONICALLY FILED**

**ANSWER**

Civil Action No. 12-cv-1494 (GLS/CFH)

       Defendant, Brighter Choice Foundation, Inc. ("the Foundation"), by its attorneys, Bond, Schoeneck & King, PLLC, for its Answer to the Amended Complaint:

       1.      The allegations in Paragraphs "1," "3," "4," "14," "17," "58," "76," "79," "89," "92," and "93" are legal conclusions to which no response is required, and the Foundation therefore denies the allegations.

       2.      Admits the allegations in Paragraph "2," except denies that Plaintiff's claims have any merit and further denies that the Foundation discriminated against Plaintiff in any manner or at any time.

       3.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "5," except admits that Plaintiff is a Caucasian woman.

       4.      Admits the allegations in Paragraphs "6," "9," and "10."

       5.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "7," and therefore denies the allegations, except admits that Brighter Choice Charter School for Girls (the "School") is a charter school.

6. Denies the allegations in Paragraphs "8," "11," 12," "25," "65," "77," "90," "94," "97," and "98."

7. Does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "13," 16," "19," "23," "28-32," "34," "35," "38-42," "46," "47," "49," "52," "55," "56," "59," "67," "72," "80-82," "86," "87," and "95," and therefore denies the allegations.

8. Denies the allegations in Paragraphs "15," "20," "33," "37," "43-45," "48," "50," "51," "53," "54, "60," "61," "66," "68-71," "73-75," "83-85," "88," and "96" insofar as they apply to the Foundation, and does not have knowledge or information sufficient to form a belief as to the truth of the allegations with regard to the School, and therefore denies the allegations.

9. Does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "18," and therefore denies the allegations, except admits that Plaintiff contacted the Chair of the School's Board of Trustees regarding an offer letter.

10. Does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "21," and therefore denies the allegations, except admits that the School adopted an anti-nepotism policy and that Plaintiff's future employment had to be approved by the School's Board of Trustees.

11. Does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "22," and therefore denies the allegations, except admits that Plaintiff sought to speak to the Board.

12. Denies the allegations in Paragraphs "24" and "63," except admits that Plaintiff was the only employee whose familial relationships violated the anti-nepotism policy such that Board approval was needed for continued employment.

13. Denies the allegations in Paragraph "26," except admits that the School provided an offer letter to Plaintiff.

14. Denies the allegations in Paragraph "27" insofar as they apply to the Foundation, and admits that the School hired Ms. Bowe in August 2011 and that Ms. Bowe is African American.

15. Denies the allegations in Paragraph "36," except admits that Mary Sandoval was employed by the School as a Parent Coordinator.

16. Denies the allegations in Paragraph "62," except admits that the School adopted an anti-nepotism policy.

17. Does not have information sufficient to form a belief as to the truth of the allegations in Paragraph "64," and therefore denies the allegations, and refers to the Anti-Nepotism Policy for its terms and effect.

18. In response to Paragraphs "57", "78", and "91", repeats its responses to the incorporated paragraphs as if fully set forth herein.

19. Denies all allegations not expressly admitted.

20. Denies that plaintiff is entitled to any relief.

## FIRST DEFENSE

21. The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

22. Defendant Brighter Choice Foundation, Inc. was not Plaintiff's employer and is therefore not liable for any of Plaintiff's claims.

## THIRD DEFENSE

23. Upon information and belief, Defendant Brighter Choice Charter School for Girls' actions taken with respect to Plaintiff were based upon legitimate, non-discriminatory reasons.

## FOURTH DEFENSE

24. Defendant Brighter Choice Foundation, Inc. is not an employer as defined in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and, therefore, is not subject to liability under that statute.

## FIFTH DEFENSE

25. Plaintiff failed to mitigate her damages.

## SIXTH DEFENSE

26. Plaintiff's claims for damages are barred, in whole or in part, by the applicable statutory remedy provisions.

## SEVENTH DEFENSE

27. Defendant Brighter Choice Foundation, Inc. is not responsible for any damages alleged to have been suffered by Plaintiff.

WHEREFORE, Defendant Brighter Choice Foundation, Inc. respectfully requests that the Court enter an Order dismissing the Complaint in its entirety and awarding Defendant its costs and reasonable attorneys' fees, and such further relief as the Court deems just.

Dated:  December 28, 2012

BOND, SCHOENECK & KING, PLLC

By:  <u>Nicholas J. D'Ambrosio, Jr.</u>
       Bar Roll No.: 101449
Attorneys for Defendant
  Brighter Choice Foundation, Inc.
111 Washington Avenue
Albany, New York  12210-2211
Telephone:  (518) 533-3000
Facsimile :  (518) 533-3299
E-Mail:  ndambrosio@bsk.com

TO:   Giovanna A. D'Orazio, Esq.
      Bar Roll No. 515574
      Email:  gad@doraziopeterson.com
      Scott M. Peterson, Esq.
      Bar Roll No. 513186
      Email:  smp@doraziopeterson.com
      D'ORAZIO PETERSON LLP
      Attorneys for Plaintiff
      125 High Rock Avenue
      Saratoga Springs, NY 12866
      Telephone:  (518) 308-8339
      Facsimile:  (518) 633-5106