UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KIRSTIE PHELPS,

Plaintiff,

-v.-

BRIGHTER CHOICE FOUNDATION, INC.;
BRIGHTER CHOICE CHARTER SCHOOL FOR GIRLS

Defendants.

1:12-CV-1494
(GLS/CFH)

---

HELEN DANCIU,

Plaintiff,

-v.-

BRIGHTER CHOICE FOUNDATION, INC.;
BRIGHTER CHOICE CHARTER SCHOOL FOR GIRLS

Defendants.

1:12-CV-1496
(TJM/CFH)

---

BRENDA ROBICHAUD,

Plaintiff,

-v.-

BRIGHTER CHOICE FOUNDATION, INC.;
BRIGHTER CHOICE CHARTER SCHOOL FOR GIRLS

Defendants.

1:13-CV-246
(GTS/CFH)

---

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

**ORDER**

The Federal Rules of Civil Procedure provides that consolidation of actions can occur if

they "involve a common question of law or fact . . . ."  FED. R. CIV. P. 42(a).  Moreover, Rule

42(a) may be used to "expedite trial and eliminate unnecessary repetition and

confusion." See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999)

(quotation omitted). The court can consolidate cases <u>sua</u> <u>sponte</u> pursuant to Federal Rule 42(a).  <u>Id.</u>; <u>see</u> <u>also</u> <u>Purcell v. Town of Cape Vincent</u>, 281 F. Supp. 2d 469, 474 (N.D.N.Y. 2003) ("Consent of the parties is not required [for consolidation], it is the court's decision whether or not consolidation is proper.").

Each of the complaints listed above contend that each of the various plaintiffs were discriminated against by the same defendants based upon their race and the fact that they were pregnant.  Furthermore, plaintiffs contend the defendants also violated the Family Medical Leave Act.  Based on these facts, it appears that allowing these cases to proceed individually would create unnecessary repetition for the Court as well as the defendants.  <u>See</u> <u>Purcell</u>, 281 F. Supp. 2d at 474 ("'The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) . . . .'") (quoting <u>Miller v. United States Postal Service</u>, 729 F.2d 1033, 1036 (5th Cir. 1984)).  Thus, pursuant to Federal Rule 42(a) and General Order 12(g)(1), these cases should be consolidated, with <u>Phelps v. Brighter Choice Foundation, Inc.</u>, 1:12-CV-1494 designated as the lead case .

**WHEREFORE**, it is hereby

**ORDERED**, that the Clerk consolidate 1:12-CV-1494, 1:12-CV-1496 and 1:13-CV-246 together, the lead case being <u>Phelps v. Brighter Choice Foundation, Inc.</u>, 1:12-CV-1494 which is assigned to the Chief Judge Hon. Gary L. Sharpe.  The Clerk shall reassign <u>Danciu v. Brighter Choice Foundation, Inc.</u>, 1:12-CV-1496 and <u>Robichaud v. Brighter Choice Foundation, Inc.</u>, 1:13-CV-246 to the Chief Judge Hon. Gary L. Sharpe as presiding District Judge; and it is further

**ORDERED**, that all subsequent orders of this Court and papers that are submitted by

2

the parties hereto that pertain to either of the foregoing actions shall be filed in that lead case under Phelps v. Brighter Choice Foundation, Inc., 1:12-CV-1494; and it is further

     **ORDERED**, that the Clerk of the Court file a copy of this Order in each of the above cases as well as in the lead case.


**IT IS SO ORDERED.**

Date:  August 7, 2013
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge