**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**KIRSTIE PHELPS,**

**Plaintiff,** **1:12-cv-1494 (GLS/CFH)**

**v.**

**BRIGHTER CHOICE FOUNDATION, INC. et al.,**

**Defendants.**

---

**HELEN DANCIU,**

**Plaintiff,** **1:12-cv-1496 (GLS/CFH)**

**v.**

**BRIGHTER CHOICE FOUNDATION, INC. et al.,**

**Defendants.**

---

**BRENDA ROBICHAUD,**

**Plaintiff,** **1:13-cv-246 (GLS/CFH)**

**v.**

**BRIGHTER CHOICE FOUNDATION, INC. et al.,**

**Defendants.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
| --- | --- |
| **FOR THE PLAINTIFFS:**<br>D'Orazio, Peterson Law Firm<br>125 High Rock Avenue<br>Saratoga Springs, NY 12866 | GIOVANNA A. D'ORAZIO, ESQ.<br>SCOTT M. PETERSON, ESQ. |
| **FOR THE DEFENDANTS:**<br>*Brighter Choice Foundation, Inc.*<br>Bond, Schoeneck Law Firm<br>111 Washington Avenue<br>Albany, NY 12210-2280 | NICHOLAS J. D'AMBROSIO, JR., ESQ. |
| *Brighter Choice Charter School for Girls*<br>Goldberg, Segalla Law Firm<br>8 Southwoods Boulevard<br>Suite 300<br>Albany, NY 12211-2526 | LATHA RAGHAVAN, ESQ. |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Background

Plaintiff Kirstie Phelps brought this action against defendant Brighter Choice Foundation, Inc. ("the Foundation") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"), and the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"). (Compl., Dkt. No. 1.) An amended complaint added defendant Brighter

Choice Charter School for Girls ("the School"), alleging the same claims. (Am. Compl., Dkt. No. 4.) Phelps seeks damages for employment discrimination on the basis of race and pregnancy, and claims that her rights under the FMLA were violated when she was terminated prior to taking maternity leave. (*Id.*) The Foundation moves for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons that follow, the Foundation's motion for summary judgment is denied.

## II. Standard of Review

On a motion for summary judgment the court must construe the properly disputed facts in the light most favorable to the non-moving party, *see Scott v. Harris*, 550 U.S. 372, 380 (2007), and may grant summary judgment only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 642 F.3d 110, 116 (2d Cir. 2011). However, "[o]nly in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). Under Rule 56(d),

> [i]f a nonmovant shows by affidavit or declaration that, for specified

> reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

In addressing an argument urging a denial of summary judgment for lack of discovery, the court is drawn between competing policy interests. On the one hand, the court must balance the salutary purpose of summary judgment, which is aimed at resolving legally insufficient disputes absent the expense of a fully litigated matter. Alternatively, the court must consider the equally salutary public policy of allowing both parties, especially the non-movant, a full and fair opportunity to marshal evidence in order to address their respective positions to the court on a Rule 56 motion. The Second Circuit has fashioned a rule which seeks to temper these equally important interests. When such an argument is raised, the non-movant must submit an affidavit in compliance with Fed. R. Civ. P. 56(d) detailing: "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Hudson River Sloop*

*Clearwater, Inc. v. Dep't of the Navy*, 891 F.2d 414, 422 (2d Cir. 1989); *see Hoffmann v. Airquip Heating & Air Conditioning*, 480 F. App'x. 110, 111-12 (2d Cir. 2012); *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999).

## III. Discussion

The Foundation, in its motion for summary judgment, claims that: (1) the Foundation is not an employer within the coverage of the FMLA or Title VII; (2) the Foundation was not Phelps's employer; and (3) the Foundation and the School are not a joint employer or an integrated enterprise (single employer) under either the FMLA or Title VII. (Dkt. No. 16.) Phelps opposes this motion, alleging that there are issues of fact pertaining to whether defendants are a single employer or joint employers and, thus, whether Phelps was an employee of the Foundation within the coverage of the FMLA and Title VII. (Dkt. No. 20, Attach. 5 at 5-19.) Furthermore, Phelps claims that the Foundation's motion should be denied pursuant to Fed. R. Civ. P. 56(d) (formerly Fed. R. Civ. P. 56(f)) because discovery has yet to occur and Phelps does not have the necessary facts to properly oppose the Foundation's motion. (*Id.* at 20-23.)

In the case at hand, the requirements of Rule 56(d) are satisfied and, as a result, summary judgment is denied. Phelps filed an affidavit pursuant

to Rule 56(d), in which her counsel explained that Phelps was actively seeking facts related to the relationship between the Foundation and the School. (Dkt. No. 20.) These facts included: (1) any agreements or memoranda between defendants defining this relationship; (2) documents or communications evidencing the involvement of the Foundation in hiring and firing decisions at the School, including with respect to Phelps's termination; (3) documents reflecting the role of M. Christian Bender[1] at the School and the Foundation; (4) a copy of the Foundation's bylaws; and (5) communications between the School and the Foundation with respect to personnel decisions during the relevant time period. (*Id.* ¶ 13.) Phelps also seeks "the categories of documents identified in the Foundation's Rule 26 disclosures which allegedly would substantiate the claims made in Mr. Bender's affidavit." (*Id.*)

Phelps reasonably expects these facts to create a genuine issue of material fact by demonstrating that the Foundation and the School were a single employer or joint employers thereby falling under the coverage of Title VII and the FMLA, (Dkt. No. 20, Attach. 5 at 5-19), and that the

---

[1] Mr. Bender is the acting Executive Director of the Foundation and the Chair of the School's Board of Directors. (Dkt. No. 16, Attach. 2 ¶¶ 1, 13.)

Foundation was Phelps's employer, (*id.* at 19-20). In the Foundation's motion, it relies heavily on an affidavit by Mr. Bender. (Dkt. No. 16.) However, there is conflicting evidence with regard to several of Mr. Bender's statements concerning other common officers shared by the Foundation and the School. While the Foundation claims that Mr. Bender is currently the only common officer between the School and the Foundation, (Dkt. No. 16, Attach. 4 at 3), the Foundation also admits that Ron Racela had involvement with both defendants for at least some period of time as he transitioned from a job with the School to a job with the Foundation. (Dkt. No. 24, Attach. 2 ¶¶ 7-9.) The court agrees with Phelps that further information regarding this overlap in personnel is necessary to determine whether the two defendants were a single employer or joint employers and whether the Foundation was Phelps's employer.

Moreover, Phelps asserts that she cannot confirm or deny this and other allegations made by the Foundation without further discovery because "Mr. Bender [did] not attach any documents or evidence substantiating or providing any direct evidence of his claims that the School and Foundation are wholly separate entities." (Dkt. No. 20 ¶ 17.) The court agrees with Phelps that Mr. Bender's subjective assertions are

insufficient to remove all issues of fact related to the two defendants' employment practices and additional discovery would give, at the very least, a more accurate depiction of how the School and the Foundation interact.

Phelps's Rule 56(d) affidavit also details the discovery efforts taken by Phelps thus far. (*Id.* ¶¶ 5-13.) It should be emphasized that the motion presently before the court was brought prior to any discovery taking place and long before the discovery deadline will be reached. (*Id.* ¶¶ 5, 19); *see Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927-28 (2d Cir. 1985) ("A party who both *fails to use the time available* and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need." (emphases added)); *Desclafani v. Pave-Mark Corp.*, No. 07 Civ. 4639, 2008 WL 3914881, at *8 (S.D.N.Y. Aug. 22, 2008) (a request for additional discovery pursuant to Rule 56(f) was denied where the plaintiff was already "given an opportunity to take discovery" and failed to do so). A day before the summary judgment motion was brought, Phelps served the Foundation with its first set of interrogatories and request for production of documents, to which the

Foundation sought an extension to respond. (Dkt. No. 20 ¶¶ 9-11.) Phelps's counsel also notes that Phelps never received the School's initial disclosures, (*id.* ¶ 8), and that the Foundation's initial disclosures "did not include any documents but identified various categories of documents relevant to its claims on its motion for summary judgment," none of which were provided with the summary judgment motion, (*id.* ¶ 7).

Phelps's counsel further notes that Phelps has not had an opportunity to depose witnesses, including Mr. Bender, even though "[m]uch of the Foundation's motion is premised upon Mr. Bender's subjective belief that his role as Chairman of the Board of the School (and its concomitant financial and personnel duties) is completely separate from his role as the Foundation's Executive Director." (*Id.* ¶ 18); *see Hellstrom*, 201 F.3d at 97 (reversing the trial court's grant of defendant's motion for summary judgment because plaintiff "was denied the opportunity to conduct discovery of any sort, and was even precluded from taking depositions"). The court finds that in spite of Phelps's efforts at discovery, she has not been afforded the discovery she deems necessary to defend

the pending motion.[2]

Accordingly, the court finds that Phelps satisfied the burden set out in Rule 56(d) and, as a consequence, the Foundation's motion for summary judgment is denied.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Foundation's motion for summary judgment (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 24, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

[2] The court notes that Phelps's affidavit must also demonstrate why she was unsuccessful in obtaining discovery. Fed. R. Civ. P. 56(d); *Hudson River Sloop Clearwater*, 891 F.2d at 422. It is clear from counsel's affidavit and the record that Phelps was unsuccessful in this instance because of the timing of the present motion for summary judgment.